Requestor: Norman Kellar, Esq., Town Attorney Town of Esopus P.O. Box 3536 Kingston, N Y 12401
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person serving as the superintendent of the town's water and sewer districts may run for election and serve as a member of the town board.
You have indicated that there are boards of commissioners that administer the water and sewer districts.
In a prior opinion of this office, we concluded that the offices of improvement district commissioner and member of the town board are incompatible. 1985 Op Atty Gen (Inf) 157. The superintendent of a district is responsible for carrying out policies formulated by the commissioners in the administration and operation of the district. We believe it follows that the position of superintendent of a district is incompatible with the position of member of a town board based upon the powers of the town board relating to oversight of district activities.Ibid. The superintendent, as the officer responsible for carrying out the policies of the district's commissioners and holding a position subordinate to the commissioners, cannot as a member of the town board effectively and impartially oversee district activities.
Under the doctrine of compatibility of office, the acceptance of a second office that is incompatible with the office already held results in vacation of the first office by operation of law. People ex rel. Ryan vGreen, 58 N.Y. 295 (1874); Informal Opinion No. 92-16. Thus, if elected to the council, the individual would have to vacate his position as superintendent of the districts.
We conclude that the position of improvement district superintendent is incompatible with the position of member of a town board.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.